UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**RIAZ HUSSAIN,**                           )
                                            )
    **Plaintiff,**                        )
                                            )
                                            )    Civil Action No.
    v.                                      )    15-13285-FDS
                                            )
**JEFFERY HOSKING, and**                    )
**HOSKING HARDWOOD, INC. d/b/a**            )
**PAYLESS FLOORS,**                         )
                                            )
    **Defendants.**                       )
_____)

## ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

On September 3, 2015, plaintiff Riaz Hussain filed a *pro se* complaint against defendants Jeffery Hosking and Hosking Hardwood, Inc. The complaint asserted that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332. (Compl. ¶ 1-2; Civ. Cover Sheet p. 1).

Hussain alleged three causes of action: a claim under 18 U.S.C. § 245(b)(2) (Count One); a claim under 42 U.S.C. § 1983 for violation of the plaintiff's civil rights (Count Two); and what appears to be a claim for common-law intentional infliction of emotional distress (Count Three).

On October 7, 2015, defendants moved to dismiss the complaint on the grounds that (1) there is no private right of action under 18 U.S.C. § 245; (2) the complaint fails to allege that the defendants meet the "state actor" requirement for claims under 28 U.S.C. § 1983; and (3) the Court should decline to exercise supplemental jurisdiction over Hussain's claim for intentional infliction of emotional distress. On November 4, 2015, after the plaintiff failed to respond to defendants' motion, the Court issued an order to plaintiff to show cause why the case should not

be dismissed. On November 13, 2015, Hussain filed a letter with the Court stating he had not received the defendants' motion and requesting an extension of time to file a response. The Court granted that request on November 18, 2105, ordering plaintiff to "either file a memorandum of law in opposition to defendants' motion or amend the complaint to state a claim under federal law (or both) by December 18, 2015." (Docket 19). Hussain then filed an amended complaint on December 16, 2015.

On December 28, 2015, defendants moved to strike the amended complaint on the ground that plaintiff had not been granted leave to file to file it. That motion will be denied as plaintiff filed the amended complaint in accordance with the Court's instructions in its order of November 18, 2015.

Ordinarily, defendants' motion to dismiss would be superseded by the filing of the amended complaint. However, because the amended complaint does not materially add to plaintiff's claims and defendants' arguments for dismissal remain applicable, the Court will deem the motion to dismiss to have been renewed. Hussain has filed no other response to that motion other than his amended complaint. It appears from the amended complaint that, in addition to the three claims listed in the original complaint, plaintiff seeks to bring a claim under federal law prohibiting discrimination on the basis of national origin, race, religion, and age. However, because the complaint fails to allege facts sufficient to support his claims under federal law, those claims will be dismissed. The Court will also decline to exercise supplemental jurisdiction over Hussain's claim for intentional infliction of emotional distress under Massachusetts common law; accordingly, that claim will be dismissed without prejudice.

I.      **Factual Background**

The following facts are as set forth in the amended complaint.

On August 22, 2014, Hussain entered into a contract with defendants Hosking Hardwood,

Inc. and Jeffrey Hosking for the installation of a linoleum floor. (Am. Compl. ¶ 1). The floor was installed on September 4, 2014. (*Id.* ¶ 2). Hussain was dissatisfied with the installation, however, and wrote a letter to defendants informing them that the work had not been done in accordance with his instructions, and requesting that the floor be replaced. (*Id.* ¶ 3). In response, defendant Jeffrey Hosking visited the worksite on September 9, 2014.

The amended complaint alleges that, "without any provocation," Hosking began shouting offensive comments at Hussain, such as "Go back where you [came] from," and "F You, F You." (*Id.* ¶ 4).[1] As a result of those comments, the complaint asserts that Hussain has suffered humiliation, anxiety, depression, and frightening dreams. (*Id.* at 6).

## II.     Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

---

[1] For the purposes of this motion, the Court assumes that Hosking used the word "fuck" in its entirety, as opposed to shouting the letter "F" as a literal reading of the complaint would indicate.

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, while "[*p*]*ro se* complaints are accorded an 'extra degree of solicitude. . . .' even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. January 15, 2009) (quoting *Adams v. Stephenson*, 1997 U.S. App. LEXIS 15371, at *2 (1st Cir. June 23, 1997)).

**III.    Analysis**

    **A.    Claims Based on Federal Law**

The original complaint explicitly asserted three claims:  (1) a claim under 18 U.S.C. § 245(b)(2) (Count One); (2) a claim under 42 U.S.C. § 1983 for violation of the plaintiff's civil rights (Count Two); and (3) what appears to be a claim for common-law intentional infliction of emotional distress (Count Three).  The amended complaint further asserts a primary claim for "discrimination on the basis of [n]ational origin, [c]olor, [r]eligion, and [a]geism." (Am. Compl. at 2) (citing Title VII of the Civil Rights Act of 1964).

As the Court previously noted in its order to show cause, 18 U.S.C. § 245(b)(2) is a criminal statute and provides no right of action for private parties. *See People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa. 1978) ("[18 U.S.C. § 245] permits federal prosecution for interference with a long list of federally protected activities; it confers neither substantive right nor a private right of action for damages."). Count One will therefore be dismissed.

The amended complaint is also insufficient to support a claim under 42 U.S.C. § 1983.

4

Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). "A claim under § 1983 has two 'essential elements': the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008) (quoting *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997)). The facts in the complaint do not in any way support an inference that either defendant "acted under color of state law" in accordance with the statute. *See id.* Count Two will therefore be dismissed.

Hussain's final federal claim appears to be a claim under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of national origin, race, religion, and age. Under Title VII, it is unlawful for an employer to "refuse to hire ... any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Age discrimination is not prohibited by Title VII, but by the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). Regardless, as its title implies, the ADEA similarly applies only in the context of an employment relationship. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 68 (2000). The amended complaint makes clear, however, that Hussain is not an employee, but a customer, of the defendants. Thus, Hussain's claim for discrimination in violation of Title VII will be dismissed.

### B.     Intentional Infliction of Emotional Distress

The amended complaint also appears to retain a claim for intentional infliction of emotional distress under Massachusetts common law. In Massachusetts, to state such a claim, a plaintiff must allege (1) that the defendant either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff emotional distress;

and (4) that the emotional distress was severe and of a nature that no reasonable person could be expected to endure it. *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45 (1976).

Defendants ask the Court to decline to exercise supplemental jurisdiction over this claim in the absence of a viable claim under federal law. If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction . . . ." 28 U.S.C. § 1367. "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, because Hussain's federal claims will be dismissed, the Court will decline to exercise its supplemental jurisdiction over his IIED claim under Massachusetts common law.

## IV.    Conclusion

For the foregoing reasons,

1.   Defendants' motion to strike the amended complaint is DENIED;

2.   Hussain's claims under federal law are hereby DISMISSED; and

3.   Hussain's claim for intentional infliction of emotional distress is DISMISSED without prejudice.

The clerk is directed to send copies of this order by first-class mail to plaintiff's address on file with the court and by email to the address provided by defense counsel.

**So Ordered.**

Dated: February 19, 2016

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge